**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

YAAKOV KATZ,
on behalf of himself and the class,                    No. 1:12-CV-00269 (BSJ)

                Plaintiff,       **DEFENDANT'S ANSWER AND**
                                  **JURY TRIAL DEMAND**

    v.

FIRST REPUBLIC BANK,

                Defendant.
-----------------------------------------------------------

    Defendant First Republic Bank ("Defendant"), by and through its undersigned counsel, for their Answer in response to Plaintiff's Class Action Complaint, avers as follows:

## INTRODUCTION

    1.      Paragraph 1 sets forth Plaintiff's characterization of this action, to which no response is required. To the extent a response may be required, Defendant denies these allegations.

    2.      Defendant asserts that the language of the statute recited in Paragraph 2 speaks for itself and denies any characterizations inconsistent therewith.

    3.      Paragraph 3 sets forth legal conclusions, including a characterization of a federal statute, to which no response is required. Defendant asserts that the statute speaks for itself and denies any characterizations inconsistent therewith.

    4.      Paragraph 4 sets forth legal conclusions, including a characterization of a federal statute, to which no response is required. Defendant asserts that the statute speaks for itself and denies any characterizations inconsistent therewith.

    5.      Defendant asserts that the language of the statute recited in Paragraph 5 speaks for itself and denies any characterizations inconsistent therewith.

6.      Paragraph 6 sets forth legal conclusions, including a characterization of a federal statute, to which no response is required.  Defendant asserts that the statute speaks for itself and denies any characterizations inconsistent therewith.

7.      Paragraph 7 sets forth legal conclusions, including a characterization of a federal regulation, to which no response is required.  Defendant asserts that the regulation speaks for itself and denies any characterizations inconsistent therewith.

8.      Paragraph 8 sets forth legal conclusions, including a characterization of a federal statute and a federal regulation, to which no response is required.  Defendant asserts that the statute and the regulation speak for themselves and deny any characterizations inconsistent therewith.

9.      Defendant asserts that the language of the statute recited in Paragraph 9 speaks for itself and denies any characterizations inconsistent therewith.

## JURISDICTION AND VENUE

10.     Paragraph 10 sets forth legal conclusions to which no response is required.  To the extent a response may be required, Defendant admits that the Court has subject matter jurisdiction over this matter.

11.     Defendant admits the allegations set forth in Paragraph 11.

12.     Paragraph 12 sets forth legal conclusions to which no response is required.  To the extent a response may be required, Defendant admits that venue in this District is proper.

## THE PARTIES

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 12.  Accordingly, Defendant denies these allegations.

14.     Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 15.  Accordingly, Defendant denies these allegations.

16.     Paragraph 16 sets forth legal conclusions to which no response is required.  To the extent a response may be required, Defendant admits the allegations set forth in Paragraph 16.

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 17.  Accordingly, Defendant denies these allegations.

18.     Based on the limited information provided in the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 18.  Accordingly, Defendant denies these allegations.

19.     Defendant denies the allegations set forth in Paragraph 19.

20.     Defendant denies the allegations set forth in Paragraph 20.

## CLASS ACTION ALLEGATIONS

21.     Defendant denies the allegations set forth in Paragraph 21.

22.     Defendant denies the allegations set forth in Paragraph 22.

23.     Defendant denies the allegations set forth in Paragraph 23.

24.     Defendant denies the allegations set forth in Paragraph 24.

25.     Defendant denies the allegations set forth in Paragraph 25.

26.     Defendant denies the allegations set forth in Paragraph 26.

27.     Defendant denies the allegations set forth in Paragraph 27.

28.     Defendant denies the allegations set forth in Paragraph 28.

29.     Defendant denies the allegations set forth in Paragraph 29.

30.     Defendant denies the allegations set forth in Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

**SUBSTANTIVE VIOLATION**

33.     Paragraph 33 sets forth legal conclusions, including a characterization of a federal statute, to which no response is required.  Defendant asserts that the statute speaks for itself and denies any characterizations inconsistent therewith.

34.     Paragraph 34 sets forth legal conclusions, including a characterization of a federal statute, to which no response is required.  Defendant asserts that the statute speaks for itself and denies any characterizations inconsistent therewith.

35.     Paragraph 35 sets forth legal conclusions, including a characterization of a federal statute, to which no response is required.  Defendant asserts that the statute speaks for itself and denies any characterizations inconsistent therewith.

36.     Paragraph 36 sets forth legal conclusions, including a characterization of a federal statute and a federal regulation, to which no response is required.  Defendant asserts that the statute speaks for itself and denies any characterizations inconsistent therewith.

37.     Defendant denies the allegations set forth in Paragraph 37.

38.     Defendant denies the allegations set forth in Paragraph 38.

39.     Defendant denies the allegations set forth in Paragraph 39.

40.     Paragraph 40 sets forth Plaintiff's characterization of the relief sought by Plaintiff, to which no response is required.  To the extent a response may be required, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted to certify a class. Plaintiff is not an appropriate class representative. There are no substantial common questions of law or fact between the members of the alleged glass. These claims are not appropriate for class action certification by the Court.

### THIRD AFFIRMATIVE DEFENSE

Defendant affixed the notice referenced in 15 U.S.C. § 1693b(d)(3)(B)(i) to the ATM identified in the Complaint. Defendant asserts that, if the notice was not present at the time of Plaintiff's electronic funds transfer, it was removed without Defendant's knowledge or consent and must have been defaced, removed or otherwise vandalized, whether by Plaintiff or another person. Accordingly, pursuant to 15 U.S.C. § 1693h(d), Defendant is not liable for the allegedly missing notice.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that, if the notice was not present at the time of Plaintiff's electronic funds transfer, Defendant complied in good faith with the guidelines of the Federal Deposit Insurance Corporation, the entity charged with enforcing 15 U.S.C. § 1693b. Accordingly, Defendant is not liable for the allegedly missing notice  the guidelines of the FDIC. Accordingly, pursuant to 15 U.S.C. § 1693m(d)(1), Defendant is not liable for the allegedly missing notice.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members are barred by the doctrines of waiver and estoppel.  Plaintiff and each of the putative class members were notified electronically of the convenience fee for use of Defendant's ATM by non-members and each affirmatively agreed to the imposition of the fee before their transactions were processed.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional affirmative defense that may become available as the result of further discovery in this matter.

*     *     *

WHEREFORE, the Defendant, First Republic Bank, demands judgment dismissing the Complaint with prejudice and requests that the court award First Republic Bank its costs and expenses incurred in the defense of this action, along with any other relief the Court deems just and equitable.

Dated:  March 23, 2012

ARNOLD & PORTER LLP


By: /s/ Pamela A. Miller
    Pamela A. Miller
    399 Park Avenue
    New York, New York 10022
    Tel: (212) 715-1304
    pamela.miller@aporter.com

Counsel for Defendant First Republic Bank

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Defendant, pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure, hereby demands trial by jury for all issues so triable.

Dated:  March 23, 2012
          New York, New York

                                        Respectfully submitted,

                                        **ARNOLD & PORTER LLP**


                                        By: /s/ Pamela A. Miller
                                              Pamela A. Miller
                                        399 Park Avenue
                                        New York, New York 10022
                                        Tel: (212) 715-1304
                                        pamela.miller@aporter.com

                                        Counsel for Defendant First Republic Bank