# ARNOLD & PORTER LLP

**Pamela Miller**
Pamela.Miller@aporter.com

+1 212.715.1304
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 23, 2012

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED: 3/27/12              │
└─────────────────────────────────┘
```

**VIA HAND DELIVERY**

Honorable Barbara S. Jones
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street; Courtroom 17C
New York, New York 10007-1312

      **Re:**    *Yaakov Katz v. First Republic Bank*, No. 1:12-cv-00269-BSJ

Dear Judge Jones:

We are counsel to Defendant First Republic Bank ("FRB") in the above-captioned matter, a putative class action asserted by Plaintiff Yaakov Katz. Pursuant to Standing Order M10-468 and Your Honor's Individual Practices, FRB respectfully requests a pre-motion conference. As set forth more fully below, there can be no genuine dispute that FRB is not liable for Plaintiff's claims under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* Accordingly, FRB intends to seek summary judgment of this matter pursuant to Federal Rule of Civil Procedure 56.

As of the date of this letter, Mr. Katz and his counsel, Mr. Wexler, have filed six actions in this Court – all since December 2011 – asserting identical claims under Section 1693b(d)(3) of the EFTA against various Automatic Teller Machine ("ATM") operators.[1] In each of these cases, plaintiff's allegations are substantially similar. He alleges that he withdrew cash from an ATM machine and was charged a fee by the operating bank. In each case, Katz alleges that there was no notice posted "on or at" the ATM that warned of

---

[1] The other cases are *Katz v. Slice & Co. Fine Gourmet Brick Oven Pizza, Inc.*, No. 1:11-cv-09411 (filed Dec. 21, 2011) (Judge Griesa); *Katz v. M&T Bank Corp.*, No. 1:12-cv-00146 (filed Jan. 9, 2012) (Judge Wood); *Katz v. Planet Smoothie Franchises, LCC, et al*, No. 1:12-cv-00149 (filed Jan. 9, 2012) (Judge Stein); *Katz v. Sovereign Bank*, No. 1:12-cv-00151 (filed Jan. 9, 2012) (Judge Crotty); *Katz v. Bank Express Int'l, Inc., et al*, No. 1:12-cv-00152 (filed Jan. 9, 2012) (Judge Holwell). *M&T Bank* and *Planet Smoothie* have been voluntarily dismissed by Mr. Katz.

55812426v4

*[handwritten notation:]* No premotion conference is required. Defendant may move for dismissal at any time. So ordered. Barbara 3/26/12 U.S.D.J.

# ARNOLD & PORTER LLP

Honorable Barbara S. Jones
March 23, 2012
Page 2

the fee. [2,3] Mr. Katz is one of a number of serial plaintiffs who seek to exploit the EFTA's requirements. In fact, a coalition of trade groups recently wrote to the Senate Banking Committee asking that the requirement of a physical sticker be repealed from the EFTA noting that this "statutorily-prescribed bounty has created a strong incentive for spurious lawsuits" and resulted in a "flood of frivolous litigation." Letter from American Bankers Association, et al., to Hon. Spencer T. Bachus, III, et al (Feb. 7, 2012) (on file with author).

Such is the case here. Even assuming that there was no sticker present when Mr. Katz withdrew cash on January 9, 2012, FRB personnel who installed the ATM in September 2011 confirmed that a sticker warning of the fee was posted at the time of installation of the ATM. Moreover, Mr. Katz received an electronic warning of the fee, which he affirmatively accepted before he withdrew the cash. As discussed more fully below, on these facts liability cannot be established, and this case should be resolved now without the cost of excessive litigation and the unnecessary waste of judicial resources.

## FRB Cannot Be Liable Under the EFTA

As an initial matter, the EFTA contains a "safe harbor" provision to protect banks in the event that a notice is removed by a third party. Section 1693h(d) provides that "[i]f the notice required to be posted . . . has been posted by [the ATM] operator . . . and the notice is subsequently removed, damaged, or altered by any person other than the operator . . . the operator shall have no liability under this section for failure to comply with" the notice requirement. As will be established by sworn affidavit, FRB personnel personally observed the presence of the sticker on the ATM's exterior at the time of installation, and FRB did not at any point authorize any FRB employee or contractor to remove the sticker. Rather, the sticker was improperly removed or otherwise vandalized by an unauthorized third party, and FRB became aware of these circumstances only after service of the Complaint in this action. FRB thus is shielded from liability under Section 1693h(d).

---

[2] Section 1693b(d)(3) requires that an ATM operator provide notice to ATM customers of fees imposed by the bank for use of the machine. Section 1693b(d)(3) identifies two locations for the notice: (1) "in a prominent and conspicuous location on or at" the ATM; and (2) "on the screen of the [ATM], or on a paper notice issued from [the ATM]."

[3] The fees incurred by Mr. Katz in each of these actions range from $1.75 to $3.00.

# ARNOLD & PORTER llp

Honorable Barbara S. Jones
March 23, 2012
Page 3


In addition, even if FRB never posted a sticker – and it did – FRB is not liable because it provided an electronic warning to Katz, which Katz accepted prior to withdrawing cash from the ATM. Section 916(d)(1) of the EFTA, 15 U.S.C. § 1693m(d)(1), provides that liability is not imposed in those cases in which a bank has acted in good faith "in conformity with **any rule, regulation, or interpretation thereof** by the . . . Board [of Governors of the Federal Reserve System]." (Emphasis added.) Appendix B of the EFTA's implementing regulation, Regulation E, was promulgated by the Board of Governors of the Federal Reserve System and assigns enforcement responsibility for Regulation E to the Federal Deposit Insurance Corporation ("FDIC") in the case of a state-chartered bank that is insured by the FDIC but not a member of the Federal Reserve System, such as FRB.[4] In so doing, Appendix B states that "[a]ny questions concerning compliance by a particular institution should be directed to the appropriate enforcing agency." Part VI of FDIC's compliance examination handbook, in turn, provides that notices may be posted on the machine or "alternatively" on-screen. As will be established by sworn affidavit: (1) all FRB ATM users who are not customers of FRB receive notice via a network-based electronic on-screen warning that they will be charged a fee for use of an FRB ATM; and (2) these users are required affirmatively to "accept" the fee in order to complete the ATM transaction. FRB thus has operated in good faith, in conformity with the FDIC's interpretation of the state, and is not subject to liability under Section 1693h(d).

\*     \*     \*

Accordingly, we respectfully request that the Court schedule a pre-motion conference at its earliest convenience.

We thank the Court for its attention to this matter.

Respectfully submitted,

Pamela Miller

Pamela Miller

cc:     Shimshon Wexler, Esquire

---

[4] 12 C.F.R. Part 205 App. B. The EFTA itself also identifies the FDIC as the appropriate enforcement agency for institutions such as FRB. *See* 15 U.S.C. § 1693o(a)(1)(C).

55812426v4