UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
YAAKOV KATZ,

 on behalf of himself and the class,

              Case No.: 12-cv-269 (BSJ)(RLE)

      Plaintiff,

  v.


FIRST REPUBLIC BANK

       Defendant.
-------------------------------------------------

### JOINT SUBMISSION OF THE PARTIES PURSUANT TO RULE 26(f) AND THE INITIAL REPORT PURSUANT TO THE PILOT PROJECT REGARDING CASE MANAGEMENT TECHNIQUES FOR COMPLEX CIVIL CASES

Nature of the Case

**(1) Bases for jurisdiction, nature of the claims and counterclaims.**

 Federal Question jurisdiction exists pursuant to 28 USC § 1331 because this action arises under the Electronic Funds Transfer Act, 15 USC § 1693 et seq, EFTA

Plaintiff's Claims

 It is Plaintiff's position the 15 USC § 1693b(d)(3) and 12 CFR §205.16(c) require that an ATM operator disclose that a fee will be imposed on or near the outside of the ATM. The Act strictly prohibits the imposition of a fee if such a physical notice is not present.

 Plaintiff Yaakov Katz alleges that Defendant First Republic violated the EFTA and its implementing regulations, "Regulation E," when it assessed a fee to him and other similarly situated consumers which used Defendant's ATM located at the Time Warner Center, near the men's restroom at a location more fully described in the complaint, because there was no physical notice present.

Defendant's Claims

It is Defendant's position that Defendant is not liable under 15 USC § 1693b(d)(3) because, as will be established by sworn affidavit, the fee sticker in question, if absent at the time of Plaintiff's transaction, was removed, damaged or altered by a person other than Defendant after the ATM was installed with the fee sticker affixed.  Accordingly, the "safe harbor" provision of the EFTA, 15 USC § 1693h(d), exempts Defendant from liability.

**(2) Draft Scheduling Order**

(A) Defendant proposes to file a Motion for Summary Judgment pursuant to Rule 56 on or before April 27, 2012.

- The parties agree that Plaintiff may take the deposition of Defendant's affiant prior to responding to the motion for summary judgment.  However, despite good faith efforts to resolve this issue, the parties are not able to agree what other discovery, if any, Plaintiff may take before filing an opposition to the motion for summary judgment and therefore have not agreed on the remainder of a briefing schedule.

(B) The parties propose to make Rule 26(a)(1) disclosures on or before May 1, 2012.

(C) Amendments to the pleadings and/or joinder of additional parties must be made 30 days prior to the close of non-expert discovery.

(C) The parties propose non-expert discovery to close 120 days after a decision on motion for summary judgment.

(D) The parties propose expert discovery to close 180 days after decision of motion for summary judgment.  Depositions of the experts shall be taken within 45 days of designation.  Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

**(3) Jury Trial has been requested and the plaintiff believes it will not take longer than 3 days.**

**(4) The parties are willing to participate in a settlement conference.**

**(5)  The parties agree that resolution of issues relating class certification are postponed pending resolution of Defendant's motion for summary judgment.**

Dated: April 10, 2012

    Respectfully submitted,

    /s/ Shimshon Wexler
    The Law Offices of Shimshon Wexler, PC
    2710 Broadway 2FL
    New York, New York 10025
    (212) 760-2400
    shimshonwexler@yahoo.com
    *Counsel for Plaintiffs*

    /s/Pamela A. Miller
    Arnold & Porter LLP
    399 Park Avenue
    34th Floor
    New York, NY 10022
    (212) 715-1000
    pamela_miller@aporter.com
    *Counsel for Defendant First Republic Bank*